IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL NO. L-08-1060 |
| | § | CIVIL NO.    L-10-3 |
| EUGENIO AGUIRRE TORRES, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM

On August 11, 2008, Defendant, Eugenio Aguirre Torres, pleaded guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. (Crim. Dkt. 19.) Torres was sentenced on February 27, 2009. Judgment was entered on February 28, 2009. (Crim. Dkt. 31.) Torres did not appeal his conviction or sentence.

Torres now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Civil Dkt. 1/Crim. Dkt. 33.) The single issue Torres raises is that his constitutional rights were violated because the Court allegedly failed to inform him of his right to contact the Mexican Consulate under Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820. (Dkt. 1/Dkt. 33, ¶ 13.) Torres appears to assert that the reason he was not informed was

because he "was discriminated against based on [his] lack of English." (Id.)

Torres's motion is without merit. Torres waived his right to directly appeal his conviction or sentence and his right to bring a § 2255 motion in his plea agreement. (Crim. Dkt. 17, ¶¶ 7-8.) Torres's motion does not challenge the validity of those waivers. Even without a waiver, Torres's contention would fail on the merits. The Fifth Circuit has held that "Article 36 of the Vienna Convention does not create an individually enforceable right." Medellín v. Dretke, 371 F.3d 270, 280 (5th Cir. 2004) (citing United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001)).

For the above reasons, Torres's motion (Civil Dkt. 1/Crim. Dkt. 33) shall be DENIED with prejudice.

DONE at Laredo, TX, this 27th day of January, 2010.

_____
George P. Kazen
Senior United States District Judge